In the United States District Court

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY,<br>660 Pennsylvania Ave SE #402<br>Washington, DC 20003 | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 1:23-cv-209 |
| vs. | ) ) ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **AND INJUNCTIVE RELIEF** |
| UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460 | ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.        NATURE OF ACTION

1.        The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect public health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the Environmental Protection Agency (EPA)'s unlawful withholding of records that pertain to EPA's interim registration review decision for difenoconazole.

2.        CFS filed two FOIA requests with EPA to gain a better understanding of EPA's reasoning behind its interim registration review decision for difenoconazole. The goal of the requests was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's action. CFS also requested fee waivers in accordance with 5 U.S.C. § 552(a)(4)(A)(iii).

3.        EPA is violating FOIA by failing to produce records in response to CFS's two FOIA requests, failing to conduct an adequate search for responsive records, and by failing to provide an initial determination as to the scope of the records to be produced or withheld, and an updated estimated date by which the agency's search will be complete.

4.        EPA's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that EPA is in violation of FOIA, and injunctive relief directing EPA to provide responsive records without any further delay.

## II.      JURISDICTION AND VENUE

5.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331.

6.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which

expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C.

§ 552(a)(4)(B).

## III.      PARTIES

9.      Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental

advocacy organization with a mission to protect public health and the environment by preventing

the registration of dangerous pesticides, such as fungicides, and by educating the public on the

potential harms posed by pesticides. CFS represents over one million members who reside in every

state across the country, who support safe, sustainable food production, free from dangerous

pesticides. CFS has long had a specific pesticide program, dedicated to addressing the adverse

environmental and public health impacts of pesticide use, including numerous policy, scientific,

and legal staff.  In its program, CFS strives to ensure and improve pesticide oversight, furthering

policy and cultural dialogue with regulatory agencies, consumers, chefs, landowners, and legislators

on the critical need to protect public health and the environment from pesticides and to promote

and protect more sustainable alternatives. CFS and its members are harmed by EPA's violations of

FOIA, as such violations preclude CFS from gaining a full understanding of EPA's reasoning

behind its interim registration review decision for the fungicide, difenoconazole, and prevent CFS from disseminating information to the public concerning EPA's knowledge and oversight of this fungicide.

10. Defendant EPA is an agency within the United States Government. EPA is in possession and control of the records that CFS seeks and is an agency within the meaning of 5 U.S.C. § 552(f)(1). EPA is therefore subject to FOIA.

## IV.   LEGAL BACKGROUND

11. The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12. FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id.* § 552(a)(6)(A). An agency must also make a determination as to a fee waiver request within the twenty-day time period. *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31, 39 (D.D.C. 2011).

13. Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an

agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

14.     FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15.     For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188.

16.     If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17.     Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

18.     The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, at *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 189); *see also Clemente*

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                    5

*v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19.     FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

20.     With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21.     In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

22.     FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24.     In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of

the operations or activities of the government and is not primarily in the commercial interest of
the requester." *Id.* § 552(a)(4)(A)(iii).

25.     Finally, FOIA requires that the agency provide "information about the status of a
request . . . including . . . an estimated date on which the agency will complete action on the
request." 5 U.S.C. § 552(a)(7)(B)(ii).

## V.     FACTUAL BACKGROUND

26.     CFS, through its pesticide program, works to protect public health and the
environment from the impacts of pesticides. CFS has a long history of promoting greater oversight
concerning the environmental and public health impacts of pesticides, including fungicides.

### A.     FOIA Request No. EPA-2022-004963

27.     On June 21, 2022, CFS submitted a FOIA request to EPA, seeking "any and all
communications between the United States Environmental Protection Agency (EPA) and federal
partners mentioned on page ten of the March 2022 Difenoconazole Interim Registration Decision
regarding difenoconazole's potential contribution to the development of triazole resistance in
medical settings from January 11, 2016 to the present."

28.     CFS explained that release of the requested records was in the public's best interest
because disclosure would significantly contribute to public understanding of the operations or
activities of government, and because obtaining the information was of no commercial interest to
CFS. CFS also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

29.     On June 22, 2022, EPA emailed CFS confirming receipt and providing the FOIA
officer to which the request was assigned. Ex. A at 4.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                    7

30.     On June 27, 2022, CFS emailed EPA asking for an estimated date of completion. EPA responded that it would provide that date in the following two weeks. Ex. A at 5.

31.     On June 30, 2022, EPA granted CFS's fee waiver request.

32.     On July 20, 2022, CFS emailed EPA asking for the initial determination, due a day prior, as well as the estimated completion date for the request. Ex. A at 11.

33.     On July 21, 2022, EPA informed CFS that the request qualified for unusual circumstances, and thus the agency was entitled to extend their twenty-working-day limit to respond. In this letter, EPA estimated that it would complete the request by September 29, 2023. *See* Ex. B.

34.     On July 25, 2022, CFS responded to narrow the request to "any and all communications between the United States Environmental Protection Agency (EPA) and federal partners mentioned on page ten of the March 2022 Difenoconazole Interim Registration Decision regarding difenoconazole's potential contribution to the development of triazole resistance in medical settings from January 2020 to the time the agency begins its search." Ex. A at 8.

35.     On July 27, 2022, EPA responded that the agency was consulting with subject matter experts regarding an estimated completion date and would provide that for CFS by August 5, 2022. Ex. A at 8.

36.     However, on August 5, 2022, EPA emailed CFS stating that the agency was still in the process of generating a list of custodians and conducting an initial search for responsive records and would update CFS by August 19, 2022. Ex. A at 7.

37.     On August 8, 2022, CFS emailed EPA asking again for an initial determination and estimated completion date. EPA did not respond. Ex. A at 7.

38.     On August 18, 2022, CFS again emailed EPA asking for an initial determination and estimated completion date. EPA did not respond. Ex. A at 6-7.

39.     On September 6, 2022, CFS again emailed EPA asking for an initial determination and estimated completion date. EPA did not respond. Ex. A at 6.

40.     On September 12, 2022, CFS again emailed EPA asking for an initial determination and estimated completion date. EPA did not respond. Ex. A at 6.

41.     On September 14, 2022, CFS spoke on the phone with EPA about the request. EPA assured CFS it was still trying to identify the "federal partners" referenced in the request. CFS asked EPA to only focus on the Centers for Disease Control and Prevention.

42.     On September 19, 2022, CFS emailed EPA following up on the call and requesting an update. Ex. A at 6.

43.     On September 20, 2022, EPA responded stating it would send over the estimated completion date and initial determination by September 22, 2022. Ex. A at 25.

44.     On September 22, 2022, EPA stated that the estimated completion date was July 28, 2023 but did not provide an initial determination. Ex. A at 24-25.

45.     On September 27, 2022, CFS responded asking why the estimated completion date was not until July 2023, considering how narrow the request is. CFS offered to narrow the request even further to speed up production. Ex. A at 24.

46.     On October 3, 2022, CFS followed up asking how to narrow the request. EPA did not respond. Ex. A at 24.

47.     On October 17, 2022, CFS again followed up asking how to narrow the request. EPA did not respond. Ex. A at 23-24.

48.     On October 26, 2022, CFS again followed up asking how to narrow the request. EPA did not respond. Ex. A at 23.

49.     On November 2, 2022, CFS and EPA had a call during which the request was narrowed to 2018 to the present.

50.     On November 8, 2022, CFS emailed asking about an updated completion date for the narrower request. EPA did not respond. Ex. A at 20.

51.     On November 17, 2022, CFS asked again about the estimated completion date. Later that day, EPA responded that the custodian list was being finalized, and it would provide an updated estimated completion date when the search result analysis was completed. Ex. A at 20.

52.     On December 2, 2022, CFS again asked for the updated estimated completion date. Ex. A at 19.

53.     On December 8, 2022, EPA responded that it hoped to provide an update the following week. Ex. A at 18-19.

54.     On December 14, 2022, CFS asked for the update. EPA did not respond. Ex. A at 18.

55.     On January 2, 2023, CFS asked again for the update. Ex. A at 17.

56.     On January 12, 2023, EPA responded that the request was still undergoing a records search and review process. Ex. A at 16.

57.     Over seven months have passed since EPA logged in the June 21, 2022, FOIA Request, yet EPA has not supplied an accurate or updated estimated date of completion or produced any responsive records.

58.     As of the date of this Complaint, CFS has received no further communications from EPA.

59.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records responsive to the FOIA request.

60.     CFS has been required to expend resources to prosecute this action.

**B.     FOIA Request No. EPA-2022-004964**

61.     On June 21, 2022, CFS submitted another FOIA request to EPA, seeking "any and all documents related to the data on which EPA based its decision to issue an Interim Registration Review Decision (IRRD) for difenoconazole."

62.     CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS. CFS also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

63.     On June 22, 2022, EPA emailed CFS confirming receipt and providing the FOIA officer to which the request was assigned. Ex. A at 3.

64.     On June 27, 2022, CFS emailed EPA asking for an estimated date of completion. EPA responded that it would provide that date in the following two weeks. Ex. A at 5.

65.     On June 30, 2022, EPA granted CFS's fee waiver request. Ex. A at 10.

66.     On July 20, 2022, CFS emailed EPA asking for the initial determination, due a day prior, as well as the estimated completion date for the request. Ex. A at 11.

67.     On July 21, 2022, EPA informed CFS that the request qualified for unusual circumstances, and thus the agency was entitled to extend their twenty-working-day limit to

respond. In this letter, EPA estimated that it would complete the request by February 24, 2023. *See* Ex. C.

68.     On July 25, 2022, CFS responded to narrow the request to (1) all records, from April 2021 to the date of the agency's search, regarding EPA's review of the registration of the fungicide, difenoconazole; and (2) all incident reports filed pursuant to 7 U.S.C.A. § 136d(a)(2) concerning difenoconazole use, which were filed between April 2020 and the date of the agency's search. Ex. A at 14.

69.     On July 27, 2022, EPA responded that the agency was consulting with subject matter experts regarding an estimated completion date and would provide that for CFS by August 5, 2022. Ex. A at 14.

70.     However, on August 5, 2022, EPA emailed CFS stating that the request was still too broad, so it still would not be processed until February 20, 2023. Ex. A at 13.

71.     On September 6, 2022, CFS responded asking for a phone call to work on narrowing the request. Ex. A at 13.

72.     On September 14, 2022, CFS had a phone call with EPA. The agency told CFS that producing the incident reports would be faster, and as for the remaining request, the agency would narrow to only documents related to data on health effects. The agency also promised an update the following week.

73.     On September 19, 2022, CFS emailed EPA, asking about when CFS would receive the incident reports and when CFS could expect the remaining production. Ex. A at 12.

74.     On September 19, 2022, EPA responded that it would send the initial determination and estimated completion date by September 22, 2022. Ex. A at 25-26.

75.     On September 22, 2022, EPA sent an interim release of incident reports and told CFS the remaining part of the request was undergoing the responsive records search process. The agency provided a new estimated completion date of April 24, 2023, about two months later than the date provided in the unusual circumstances letter prior to narrowing the request. Ex. A at 25.

76.     On September 27, 2022, CFS emailed EPA asking why the estimated completion date was later than the initial estimated date provided. EPA did not respond. Ex. A at 24.

77.     On October 3, 2022, CFS followed up asking again why the estimated completion date for the narrower request was later. EPA did not respond. Ex. A at 24.

78.     On October 17, 2022, CFS asked again. EPA did not respond. Ex. A at 24.

79.     On October 26, 2022, CFS asked again. EPA did not respond. Ex. A at 23.

80.     On November 2, 2022, CFS and EPA had a call during which CFS agreed to narrow the request to limit custodians.

81.     On November 8, 2022, CFS emailed asking about an updated completion date for the narrower request. EPA did not respond. Ex. A at 20.

82.     On November 17, 2022, CFS asked again about the estimated completion date. Later that day, EPA responded that the custodian list was being finalized, and it would provide an updated estimated completion date when the search result analysis was completed. Ex. A at 19-20.

83.     On December 2, 2022, CFS again asked for the updated estimated completion date. Ex. A at 19.

84.     On December 8, 2022, EPA responded that it hoped to provide an update the following week. Ex. A at 18-19.

85.     On December 14, 2022, CFS asked for the update. EPA did not respond. Ex. A.

86.     On January 2, 2023, CFS asked again for the update. Ex. A at 18.

87.     On January 12, 2023, EPA responded that the request was still undergoing a records search and review process. Ex. A at 16.

88.     Over seven months have passed since EPA logged in the June 21, 2022, FOIA Request, yet EPA has not supplied an accurate or updated estimated date of completion or produced any responsive records for the part of the request asking for all records, from April 2021 to the date of the agency's search, regarding EPA's review of the registration of the fungicide, difenoconazole.

89.     As of the date of this Complaint, CFS has received no further communications from EPA.

90.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records responsive to the FOIA request.

91.     CFS has been required to expend resources to prosecute this action.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Conduct an Adequate Search for Responsive Records

92.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

93.     EPA violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

94.     CFS has a statutory right to have EPA process its two FOIA requests in a manner that complies with FOIA. *Id*.

95.     EPA violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the two FOIA requests, thus prejudicing CFS's ability to timely obtain public records.

96.     CFS has exhausted the applicable administrative remedies with respect to the two FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

97.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

98.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

99.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

<u>SECOND CAUSE OF ACTION</u>
<u>Defendant Unlawfully Withheld All Responsive Records</u>

100.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

101.    EPA violated FOIA by failing to promptly disclose records that are responsive to CFS's two FOIA requests. 5 U.S.C. § 552(a)(4)(B).

102.    CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for EPA to withhold these records from CFS. *See id.* § 552(b)(1)-(9).

103.    To date, EPA has not provided any records requested by CFS in the two FOIA requests, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

104.    As such, EPA is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. EPA's unlawful withholding prejudices CFS's ability to timely obtain public records.

105.    CFS has exhausted the applicable administrative remedies with respect to the two FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

106.    Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

107.    CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

108.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## THIRD CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

109.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

110.    EPA violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the two FOIA requests. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

111.    CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id.*

112.    To date, EPA has failed to disclose any records to CFS for request EPA-2022-004963, or for part two of EPA-2022-004964, including nonexempt information that could be

reasonably segregated and released in response to the FOIA requests, thus prejudicing CFS's ability to timely obtain public records.

113.     CFS has exhausted the applicable administrative remedies with respect to the two FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

114.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

115.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

116.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

<u>FOURTH CAUSE OF ACTION</u>
<u>Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA</u>

117.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

118.     EPA violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)-(B).

119.     CFS has a statutory right to have EPA process its two FOIA requests in a manner which complies with FOIA. EPA has violated Plaintiff's rights in this regard by its failure to provide—by any means—an estimated completion date for its response to the two updated FOIA requests as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

120.     EPA's failure to inform CFS of an estimated completion date for the two FOIA requests has prejudiced CFS's ability to timely obtain public records.

121.    CFS has exhausted the applicable administrative remedies with respect to the two FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

122.    Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

123.    CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

124.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Order Defendant to provide a lawful initial determination on Plaintiff's FOIA requests.

2.    Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's two FOIA requests with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.    Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's two FOIA requests as required by 5 U.S.C. § 552(a)(6)(A)(i).

4.    Declare that Defendant unlawfully failed to undertake a search and disclosure of all records responsive to Plaintiff's two FOIA requests as required by 5 U.S.C. § 552(a)(6)(A)(i).

5.      Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6.      Declare that Defendant unlawfully failed to provide Plaintiff with an updated estimated date of completion as to the search and production of Plaintiff's two FOIA requests as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7.      Provide for expeditious proceedings in this action.

8.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9.      Grant such other relief as the Court may deem appropriate.


Dated this 25th day of January, 2023.

Respectfully submitted,

CENTER FOR FOOD SAFETY,

/s/ Meredith Stevenson
Meredith Stevenson (CA00123)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
(415) 826-2770
Email: mstevenson@centerforfoodsafety.org

*Counsel for Plaintiff*